# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**KENNEDY BURKS, DEANN
WHITLOW, LONDON HOLLAND,
MARIAH REYNOLDS and
JESSICA NJOKU,**

     **Plaintiffs,**                    **Case No.:  4:19-cv-275**

**v.**

**BOARD OF TRUSTEES OF
FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY,**

     **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **BOARD OF TRUSTEES OF FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY** ("University") pursuant to 28 U.S.C. §§ 1441, 1443, 1446 and 1343, and N.D. Fla. Loc. R. 7.2, hereby files this Notice of Removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court, Northern District of Florida, Tallahassee Division and, in support hereof states as follows:

1.    Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1331, *et seq*., to remove this action from the Second Judicial Circuit in and for Leon County, Florida, where it is now pending under the name and style

of: *Kennedy Burks, Deann Whitlow, London Holland, Mariah Reynolds and Jessica Njoku v. Florida Agricultural & Mechanical University Board of Trustees,* Case No. 2019-CA-00679 (hereinafter referred to as the "Circuit Court Action").

2.    The Complaint filed by Plaintiffs on March 20, 2019, and served on the University on May 29, 2019, contains five (5) counts as follows:

**Count I:**    **Gender/Gender    Identification/Sexual    Orientation Discrimination**
(20 U.S.C. § 1681-1688 "Title IX"  & F.S. § 1000.05 "Florida Education Equity Act)
**Count II:**    **Common Law Negligence**
**Count III:**    **Common Law Negligent Supervision**
**Count IV:**    **Common Law Negligent Training**
**Count V:**    **Breach of Contract**

3.    This Court has federal question jurisdiction over Plaintiffs' Title IX claim (Count I) and has pendent jurisdiction over Plaintiffs' state law claims.

4.    Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint as well as all other process, pleadings, and orders on file in the Circuit Court Action to date are attached to this Notice of Removal as **"Exhibit 1."** To the undersigned's knowledge, no other papers or pleadings have been filed in the Circuit Court Action other than those attached hereto.

5.    In accordance with the requirements of 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within 30 days of the University's receipt of the initial pleading through service of the Summons and Complaint.

6.     Venue in this District and Division is proper for purposes of removal under 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action was filed and is pending – Leon County, Florida.

7.     Pursuant to 28 U.S.C. § 1446(d), written and electronic notice of filing this Notice of Removal will be served upon Plaintiffs' counsel, Marie A. Mattox.  A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, as required by law. *Id.*

## Removal Based on Federal Question Jurisdiction

8.     Unless specifically prohibited by an act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court possesses original jurisdiction over this civil action, because it involves a federal question under 28 U.S.C. § 1331. More specifically, Plaintiffs' Complaint alleges violations of Title IX and invokes the remedial provisions set forth in the Education Amendments of 1972, 20 U.S.C. § 1681-1688.[1]

---

[1] 29 U.S.C. § 701 is also cited in the nature of action [Complaint at 1], although no specific cause of action is referred.

## Removal of Pendent State Law Claims

9.     The pendent state law claims are properly removable, because they arise from a common nucleus of operative facts.  *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).  Further, this Court has supplemental jurisdiction over the state law claims, because they are so related to the federal law claims over which federal question jurisdiction exists that they "form part of the same case or controversy."  *See* 28 U.S.C. § 1367(a). This action does not fall within the exceptions to supplemental jurisdiction outlined in 28 U.S.C. § 1367(b) and (c).

10.     The test developed by the Eleventh Circuit when determining whether a state law claim forms part of the same case or controversy as a federal claim asks whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1566 (11th Cir.1994)). Like their claims under Title IX, Plaintiffs' state law claims arise from their participation as members of the University's women's basketball team and will involve the same witnesses and evidence, deal with the same occurrences and are about the same actions or inactions in dispute.

11.     Accordingly, the requirements to remove both the Title IX and state law claims are satisfied.

**WHEREFORE**, Defendant, **BOARD OF TRUSTEES OF FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY**, respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 18th day of June, 2019.

/s/ Terry J. Harmon
**TERRY J. HARMON**
Florida Bar No.: 0029001
tharmon@sniffenlaw.com
**JARRETT B. DAVIS**
Florida Bar No.: 1010432
jdavis@sniffenlaw.com
**DIANA K. SHUMANS**
Florida Bar No.: 675822
dshumans@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 18th day of June, 2019, through the Court's E-Service portal to Plaintiffs' counsel of record and by electronic and U.S. Mail to the following recipients:

Marie A. Mattox
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Marie@mattoxlaw.com

/s/ Terry J. Harmon
**TERRY J. HARMON**